UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
---------------------------------------------

UNITED STATES OF AMERICA,

        Plaintiff,

v.

LOI CHAMBERS, individual, and the GRAND
TRAVERSE BAND OF OTTAWA AND
CHIPPEWA INDIANS, MICHIGAN,

        Defendants.
_____/

Case No.

Hon.

## VERIFIED FORECLOSURE COMPLAINT

The United States of America, by and through Mark A. Totten, United States Attorney for the Western District of Michigan, and Michael L. Shiparski, Assistant United States Attorney, on behalf of the Department of Housing and Urban Development, hereby states and alleges as follows:

### JURISDICTION & VENUE

1.      This Court has jurisdiction under 28 U.S.C. § 1345 because the United States of America is the Plaintiff.  The United States of America seeks to foreclose a loan made under the provisions of Section 184 of the Housing and Community Development Act (12 U.S.C. § 1715z-13a; as amended) and secured by a leasehold mortgage on real property held in trust by the United States for the Grand Traverse Band of Ottawa and Chippewa Indians, and leased to the Defendant, Loi Chambers (hereinafter, "Borrower"), by the Grand Traverse Band of Ottawa and Chippewa Indians.

2.      Borrower is an American Indian and, upon information and belief, resides in Suttons Bay, Michigan.

1

3.      Defendant Grand Traverse Band of Ottawa and Chippewa Indians, Michigan is a federally recognized tribe under the Indian Reorganization Act of June 18, 1934, 25 U.S.C. §479a-1. *See also* 80 Fed. Reg. 2112 (Jan. 12, 2023) (listing tribes).

<u>CLAIM FOR FORECLOSURE OF LEASEHOLD MORTGAGE</u>

4.      The leasehold interest that is the subject of this foreclosure action is located in Suttons Bay, Michigan, and consists of a residence and any appurtenances thereto, on leased land that is held in trust for the Grand Traverse Band of Ottawa and Chippewa Indians Tribe and that is located on Tribal Trust Land.

5.      On or about March 31, 2003, Borrower, for value received, made, executed and delivered to Wells Fargo Home Mortgage, a certain promissory note (hereinafter, "the Note") in writing described as follows:

| EXHIBIT NO. | PRINCIPAL OF ORIGINAL NOTE | RATE OF INTEREST |
|---|---|---|
| 1 | $74,500.00 | 5.875% |

A true and correct copy the Note is attached as **Exhibit 1**.

6.      As part of the security for the Note, the Borrower made, executed and delivered to Wells Fargo Home Mortgage, a leasehold mortgage described as follows:

| EXHIBIT NO. | DATE OF MORTGAGE | LIBER & PAGE | EXHIBIT NO. OF NOTE SECURED |
|---|---|---|---|
| 2 | March 31, 2003 | 468 40 | 1 |

A true and correct copy of the leasehold mortgage, including the signed Construction Loan Rider and Rider for Section 184 Mortgage, is attached as **Exhibit 2**.

2

7.      On April 22, 2003, the leasehold mortgage was approved by the Secretary of the Interior and recorded in the chain of title for the trust tract by the Bureau of Indian Affairs (BIA).  A true and correct copy of the BIA's Certificate of Approval is attached as **Exhibit 3**.  A true and correct copy of the BIA Title Status Report is attached as **Exhibit 4**.

8.      The location of the leasehold secured by the mortgage is described by the following described property located in the County of Leelanau:

Lot 3, Part of N1/2NE1/4SE1/4 Sec. 3, T. 30 N., R. 11 W., Michigan Principal Meridian, Leelanau County, Michigan, Containing .50 Acres, More or Less.

(The premises address is 3521 Putnam Road, Suttons Bay, Michigan 49682.)

(Hereinafter "the Property.")

9.      The Note provides that failure to pay any of the debt when due constitutes default, and the Plaintiff may accelerate the debt.  **Exhibit 1**.  The mortgage provides that if there is a default in the performance or discharge of any obligation in the mortgage or the promissory note, the Plaintiff may accelerate the note and foreclose the mortgage as provided thereunder or by law.  **Exhibit 2**.

10.     Borrower filed for relief under Chapter 7 of the United States Bankruptcy Code on August 27, 2009.  Borrower received a discharge pursuant to the United States Bankruptcy Code on January 7, 2010.  A true and correct copy of the Discharge of Debtor is attached as **Exhibit 5**.

11.     Borrower, during the course of the bankruptcy case referenced above, never reaffirmed the debt from the Borrower to Wells Fargo Home Mortgage.  On October 22, 2009, Wells Fargo Home Mortgage obtained relief from the Automatic Stay with respect to the property located at 3521 Putman Road, Suttons Bay, Michigan 49682.  A true and correct copy

of the Order Granting Relief from the Automatic Stay and Waiving the Provision of FRBP 4001(a)(3) is attached as **Exhibit 6**.  Pursuant to the Order Granting Relief from the Automatic Stay, Wells Fargo Home Mortgage "and/or its successors and assigns may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement."

12.     Upon information and belief, at some point after the bankruptcy was filed, Borrower expressed a desire to retain the Property, and acknowledged that Wells Fargo Home Mortgage's security interest and lien were still valid and enforceable.  On November 22, 2011, after the Discharge (**Exhibit 5**), Borrower entered into a final MODIFICATION AGREEMENT – LOAN NUMBER 7558 (3521 Putnam Road, Suttons Bay, MI 49682).  A true and correct copy of the November 22, 2011, Loan Modification Agreement is attached as **Exhibit 7**.

13.     Borrower and Wells Fargo Home Mortgage agreed that the consideration for the Lone Modification Agreement was Wells Fargo Home Mortgage's forbearance from presently exercising its rights and pursuing its remedies under the Security Instrument as a result of the Borrower's default of its obligations thereunder.  Borrower and Wells Fargo Home Mortgage also acknowledged and agreed that the Loan Modification Agreement did not affect the bankruptcy discharge of the Borrower's personal liability on the debt and that the Borrower has no personal obligation to pay the debt secured by the Property.  (*See* **Exhibit 7** at pages 1 and 2.)

14.     Borrower and Wells Fargo Home Mortgage acknowledged and agreed to a "Modified Unpaid Principal Balance" of $69,541.60, with interest at the yearly rate of 4.750% and that "Borrower shall make monthly payments of principal and interest of U.S. $362.76 (not including escrow deposit), beginning on 02/01/2012 and continuing thereafter on the same day of each succeeding month until [Wells Fargo Home Mortgage] has received all principal and

4

interest payable under the Note and Security Instrument, with a "Modified Maturity Date" of 1/01/2042.  (*See* **Exhibit 7** at page 2, ¶¶ 4 and 5.)

15.     Pursuant to the Loan Modification Agreement: "If Borrower fails to pay Lender [Wells Fargo Home Mortgage] the amount due and owing or to pay any monthly payment on the dates above, Borrower shall surrender the Property to Lender. If Borrower fails or refuses to surrender the Property to Lender, Lender may exercise any and all remedies to recover the Property as may be available to Lender pursuant to its security interest and lien and applicable law." "Lender's rights and remedies extend only to the Property, and any action related to the Property itself and not to recovery of any amount owed to Lender under the Note which has been discharged in bankruptcy."  (*See* **Exhibit 7** at pages 3 and 4, ¶ 9.)

16.     The Borrower was notified by Wells Fargo Home Mortgage on May 16, 2012, that to avoid the possibility of acceleration of the debt, a $1,842.39 default must be cured within 30 days to bring the loan current. A true and correct copy of that letter is attached as **Exhibit 8**.

17.     The Borrower was notified by Wells Fargo Home Mortgage on February 5, 2013, that to avoid the possibility of acceleration of the debt, a $3,634.80 default must be cured within 30 days to bring the loan current. A true and correct copy of that letter is attached as **Exhibit 9**.

18.     By virtue of the Residential Lease Allotment with Borrower, Defendant Grand Traverse Band of Ottawa and Chippewa Indians Tribe may claim a right of first refusal to acquire the Borrower's interest in the property upon payment of all sums in arrears, and either payment of the balance of the loan or assumption of the mortgage.  The right of first refusal may be exercised, if the Borrower has not cured the default, within thirty (30) days after notice in writing from the lender of the Borrower's default.  By letter dated April 24, 2013,  a true and correct copy of which is attached as **Exhibit 10**, Grand Traverse Band of Ottawa and Chippewa Indians

Tribe was notified of Borrower's default and failed to exercise its right of first refusal.  No claim is made against Defendant Grand Traverse Band.

19.    The Borrower failed to cure the default and bring the loan current.  Because of Borrower's default, the bank accelerated the maturity of the Note and declared all of the debt immediately due and payable without further notice, as permitted by the mortgage.[1]

20.    Plaintiff is the owner and holder of the Note and leasehold mortgage by virtue of an Assignment of Mortgage to the Secretary of Housing and Urban Development by Wells Fargo Home Mortgage dated June 7, 2013.  A true and correct copy of the Assignment is attached hereto as **Exhibit 12**.  It was recorded by the Bureau of Indian Affairs on June 20, 2013, as Transaction No. 468-35-00029-13.  *See* **Exhibits 4,** Appendix C, Page 5 of 7 **and 12**.

21.    There are no other liens or interests of record with the BIA on the leasehold interest that is the subject of this action.  *See* **Exhibit 4**.

22.    Because of Borrower's default, the acceleration of the debt, the assignment of the debt to the Secretary of Housing and Urban Development, and the Grand Traverse Band of Ottawa and Chippewa Indians' decision not to exercise its right of first refusal under the lease, the Plaintiff is entitled to have the leasehold mortgage foreclosed, the leasehold property interest sold in the manner prescribed by law, and the proceeds applied in payment of the amounts due.

23.    No other action at law or proceeding in equity or otherwise has been commenced or is now pending for the foreclosure of the mortgage or the collection of the debt secured thereby.

24.    The amounts due on the Note, through May 22, 2013, were as follows: principal

---

[1] Borrower was also notified by Wells Fargo Home Mortgage on August 6, 2013, that to avoid the possibility of acceleration of the debt, a $6,466.80 default must be cured within 30 days to bring the loan current. (*See* **Exhibit 11**.)

of $69,011.43 and interest of $3,004.87, calculated at the note rate of 4.75 %, but not including incidental costs and fees.  *See* **Exhibit 10**, page 3.

25.     The mortgage provides that the Plaintiff may at any time pay any amounts required to be paid by the Borrower and not paid when due, as well as any costs and expenses for the preservation, protection or enforcement of the Plaintiff's lien as advanced for the account of the Borrower, and that all such amounts shall bear interest at the rate provided in the promissory note secured.  To date, the Plaintiff has not expended any funds for this purpose, but during this action may need to make advances.

26.     Because Plaintiff is not seeking a deficiency judgment against the Borrower, Plaintiff will bid the amount of the debt or an amount less than the debt, at its option, and no appraisal will be required.

27.     No personal claim is made against any Defendant.

28.     All relevant requirements and conditions prescribed in Title 38 U.S. Code, Section 3761 and HUD statutes, rules and regulations and the protections within the lease have been fulfilled.

<u>REQUEST FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor, as follows:

1.     Judgment be entered against the leasehold interest in the amount of $69,011.43 principal and $3,004.87 interest, calculated at the note rate of 4.75 % through May 22, 2013, with post-judgment interest at the statutory rate.  (*See* paragraph 24 above.)

2.     A Decree of Sale be entered directing the United States Marshal or his deputy to sell the mortgaged property, including the unexpired term of the lease and any right to renew, as

provided by law, to a member of the Grand Traverse Band of Ottawa and Chippewa Indians, to the Tribe itself, or an authorized tribal organization, subject to Borrower's right of redemption as provided by law and by the mortgage, and to apply the proceeds as follows: (a) to the costs and expenses of sale; (b) to the payment of the costs and disbursements taxed in the action in which the sale is made; (c) to payment on the debt adjudged by the Court to be due; (d) to pay the surplus, if any, into Court for the use of the Borrower or the person(s) entitled thereto, subject to the order of the Court.

3.      All Defendants, together with each and every person or entity claiming under them or claiming any lien or encumbrance of any kind or character upon or against said leasehold property subsequent in time or in priority, or both, to the liens of the Plaintiff's mortgage; and all persons claiming to acquire any right, title, or interest in and to said real property or any part thereof, be barred and foreclosed of and from all rights, title, or interest in and to said property.

4.      The Plaintiff be awarded costs or otherwise reimbursed for the costs and disbursements of this action.

5.      The Plaintiff be allowed to bid the amount of the judgment debt.  In no event, however, should Plaintiff be required to bid a sum in excess of the debt adjudged to be due, with the costs included in the judgment upon which sale was made and expenses of sale.

6.      That the Court order such other and further relief as may be just and equitable.

MARK A. TOTTEN
United States Attorney

Dated: 10/18/2023

_Michael L. Shiparski, AUSA_

MICHAEL L. SHIPARSKI (P33064)
Assistant United States Attorney
Post Office Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404
Mike.Shiparski@usdoj.gov

## **VERIFICATION**

I, _Krisa M. Johnson_____, hereby verify and declare under penalty of perjury that I am

an employee of the Department of Housing and Urban Development; that I have read the

foregoing Verified Foreclosure Complaint and know the contents thereof; that the matters

contained in the Complaint are true to my own knowledge, except that any matters herein stated

to be alleged on information and belief and as to those matters I believe them to be true.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Executed on this the _6th_ day of _September__, 2023.

**Krisa M. Johnson**

Digitally signed by: Krisa M. Johnson
DN: CN = Krisa M. Johnson email =
Krisa.M.Johnson@hud.gov C = US
O = OLG OU = HUD - PIH
Date: 2023.09.06 10:51:15 -04'00'

Office of Loan Guarantee
Office of Native American Programs
U.S. Dept. of Housing & Urban Development
451 7th St. S.W., Room 4108
Washington, DC 20410